**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 12-cv-02067-CMA-MJW

AURORA BANK, FSB,

    Plaintiff,

v.

UNIVERSAL AMERICAN MORTGAGE COMPANY,

    Defendant.

**ORDER DENYING MOTION TO CHANGE VENUE AND
STAY LITIGATION PENDING TRANSFER**

This matter is before the Court on Defendant Universal American Mortgage Company's ("UAMC") Motion to Change Venue and to Stay Litigation Pending Transfer. (Doc. # 8.) Defendant requests that this case be transferred to the Southern District of Florida, pursuant to 28 U.S.C. §1404(a) and the first-to-file doctrine. For the reasons set forth below, Defendant's motion is DENIED.

**I. BACKGROUND**

On September 5, 2005, Defendant UAMC sold a number of mortgage loans to Plaintiff Aurora Bank (formerly known as Lehman Brothers Bank). (Doc. # 13, ¶ 5; Doc. # 8, ¶ 9(b).) The terms of that sale were set forth in an accompanying loan purchase agreement (the "Agreement"). (Doc. # 13, ¶ 5.) Pursuant to the Agreement, Defendant agreed that each of the loans sold to Plaintiff met certain standards and had been granted to the debtor following satisfaction of certain conditions. *Id.* Plaintiff assigned

certain of the loans it purchased in the September 20, 2005 transaction to its parent corporation, Lehman Brothers Holdings, Inc. ("LBHI").  (Doc. # 13, ¶¶ 7-9.)[1]

On March 11, 2011, LBHI filed a complaint against Defendant in the Southern District of Florida ("the Florida Case"), alleging several counts of breach of contract and breach of express warranty.  (Doc. # 8-2 at 4-6.)  The claims in the Florida Case involve the loans LBHI acquired on assignment from Plaintiff in the September 20, 2005 sale, and arise from alleged incidents of noncompliance by Defendant with certain terms of the Agreement.  (*Id.*)

On July 12, 2012, Plaintiff filed a complaint against Defendant in Colorado state court ("the Colorado Case"), alleging several counts of breach of contract, breach of the implied covenant of good faith and fair dealing, and breach of express warranty.  (Doc. # 3 at 2-8.)  Like the Florida Case, Plaintiff's claims in the Colorado Case involve loans that Plaintiff purchased from Defendant in the September 20, 2005 transaction.[2]  (*Id.*)

After Plaintiff initiated this case, Defendant removed the case to this Court on August 6, 2012.  (Doc. # 1.)  One week later, Defendant filed the instant motion to transfer the Colorado suit to the Southern District of Florida, pursuant to 28 U.S.C.

---

[1]  LBHI is a Delaware corporation headquartered in New York.  (Doc. # 8, ¶ 3.)  Plaintiff is its wholly-owned indirect subsidiary and is a federally-chartered bank whose principle place of business is in Colorado.  (Doc. # 8-8 at 8; Doc. # 8-7, ¶¶ 1-2.)

[2]  Defendant alleges that Plaintiff assigned **all** the loans that it purchased under the Agreement to LHBI, and therefore LHBI is the real party in interest in the Colorado Case. (Doc. # 8 at 4.)  In its Response, Plaintiff states that it assigned only **some** of the loans to LHBI and retained the rest.  (Doc. # 3, ¶¶ 7-10.)  The Court has reviewed the complaints in the Colorado Case and in the Florida Case and notes that the allegations in the cases involve entirely different loans. (Doc. # 3 at 3-5; Doc. # 8-2, Exhibit A.).  This supports Plaintiff's position that it did not assign any of the loans at issue in the Colorado Case to LBHI.

§ 404(a) and the first-to-file-doctrine. (Doc. # 8.) Defendant contends that a transfer to Florida is necessary for three reasons: (1) to prevent inconsistent rulings in the related actions, (2) to promote the ease of discovery on related issues of law and fact, and (3) to reduce the cost of litigation of this matter. (Doc. # 8 at 1.) Plaintiff responded on September 17, 2012, and Defendant replied on October 1, 2012. (Doc. ## 13, 17.)

## II. LEGAL STANDARD

28 U.S.C. § 1404(a) provides that a district court may "transfer any civil action to any other district where it might have been brought for the convenience of the parties, in the interest of justice."[3] The United States Supreme Court has explained that § 1404(a) gives "discretion [to] the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Steward Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612 (1964)). In the Tenth Circuit, the moving party must prove that (1) the action could have been brought in the alternate forum, (2) the current forum is inconvenient, and (3) the interests of justice are better served in the alternate forum. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 (1981)).

In assessing whether parties are inconvenienced and whether the interests of justice would be best served by a transfer, the Tenth Circuit balances the criteria outlined in *Chrysler Credit*. These criteria include, but are not limited to:

---

[3] It is well established that "the interest of justice" is a factor to be considered on its own, rather than a qualifier of "the convenience of the parties." CHARLES A. WRIGHT & ARTHUR R. MILLER, 15 FED. PRAC. & PROC. JURIS. § 3854 (3d. ed. 2012).

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and all other considerations of a practical nature that make a trial easy, expeditious and economical.

*See Chrysler Credit*, 928 F.2d at 1516.  Among these factors, substantial weight is given to the plaintiff's choice of forum.  *Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1168 n.13 (10th Cir. 2010); *Wolf v. Gerhard Interiors, Inc.*, 399 F. Supp. 2d 1164, 1166 (D. Colo. 2005) (citing *Knapp v. Romer*, 909 F. Supp. 810, 813 (D. Colo. 1995).  Only when the factors weigh **strongly** in favor of the movant will the Court upset the plaintiff's choice of forum.  *Id.*  (emphasis added.)

Defendant also invokes the first-to-file doctrine, which "permits a district court to decline jurisdiction where a complaint raising the same issues against the same parties has previously been filed in another district court."  *Buzas Baseball, Inc. v. Bd. of Regents of the Univ. of Ga.,* 189 F.3d 477, at *2 (10th Cir. 1999) (table opinion); see *Hospah Coal Co. v. Chaco Energy Co.,* 673 F.2d 1161, 1163 (10th Cir. 1982).  This doctrine serves to prevent inconsistent rulings and to preserve judicial resources.  *See Keymer v. Mgmt. Recruiters Int'l, Inc.*, 169 F.3d 501, 503 n.2 (8th Cir. 1999); *Cessna Aircraft Co. v. Brown*, 348 F.2d 689, 692 (10th Cir. 1965).  As such, it is a useful tool in the context of a § 1404(a) inquiry into the interests of justice.  *See Big Dog Motorcycles, LLC v. Big Dog Holdings, Inc.*, 351 F. Supp. 2d 1188, 1194 (D. Kan. 2005) (citing *Smart v. Sunshine Potato Flakes, LLC*, 307 F. 3d 684, 687 (8th Cir. 2002)).  Where the first-to-

file rule applies, transfer is typically justified under § 1404(a).  *See id.; Wallace B. Roderick Revocable Living Trust v. XTO Energy, Inc.*, 679 F. Supp. 2d 1287, 1299 (D. Kan. 2010).

In determining whether the first-to-file rule applies, a court examines three threshold factors: (1) the similarity of the issues; (2) the similarity of the parties; and (3) the chronology of the two actions.  *XTO Energy*, 679 F. Supp. 2d at 1296.  Neither the issues nor the parties must be identical for the first-to-file rule to apply; however, they must be "substantially similar."  *Animal Health Int'l., Inc. v. Livingston Enter., Inc.*, No. 12–cv–00369, 2012 WL 1439243, at *2 (D. Colo. April 26, 2012) (unpublished) (citing *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1485 (10th Cir. 1983).  Of these three factors, the most important is similarity of the issues.  *Advanta Corp. v. Visa U.S.A., Inc.*, No. 96-7940, 1997 WL 88906, at *2-3 (E.D. Pa. Feb. 19, 1997) (unpublished) (The first-to-file rule "turns on which court first obtains possession of the subject of the dispute, not the parties of the dispute."); *see Barnes & Noble, Inc., et al v. LSI Corp.*, 823 F. Supp. 2d 980, 987 (N.D. Cal. 2011).

### III.  ANALYSIS[4]

At the outset, the Court notes that Plaintiff has chosen to adjudicate this case in Colorado, and that choice is accorded "substantial weight."  *See Bartile Roofs*, 618 F.3d at 1168 n.13.[5]  The Court also observes that many of the factors set forth in *Chrysler*

---

[4]  Because the parties do not dispute that jurisdiction would be proper in the Southern District of Florida, and the Court agrees, the Court will only address the issues of inconvenience and the interest of justice.

[5]  UAMC argues that because Aurora Bank is LBHI's wholly-owned subsidiary, LBHI's waiver of the choice of forum should be imputed to Plaintiff, and the Court should consequently give little deference to Plaintiff's choice of forum. (Doc. # 8 at 13.)  However, it is well-established in the

*Credit* have little, if any, significance given the particular facts of this case. *See Gates Corp. v. Twin City Die Castings Co.*, No. 12–cv–01248, 2012 WL 4748046, at *3 (D. Colo. Sept 11, 2012) (unpublished) (finding that the balance did not favor the movant because the movant had not claimed a stake in many of the *Chrysler Credit* factors, including the enforceability of any judgment that might be entered, the congestion of court dockets, or advantages or obstacles to a fair trial).

As support for its contention that this forum is inconvenient, Defendant argues that significant documentary evidence and testimony "are more likely to be found in Florida than in Colorado." (Doc. # 8 at 14.) It does not, however, claim that any essential witnesses or evidence will be unavailable at the trial in Colorado. *See Wolfkiel v. King*, No. 11-cv-3170, 2012 WL 3245962, at *1 (D. Colo. Aug. 7, 2012) (unpublished) (finding that the movant was unduly inconvenienced because it had proved that certain non-party witnesses could not be compelled to appear in Colorado but were integral to the case.). Defendant is also silent as to the relative congestion of the court dockets, and it has not proved that transfer of the Colorado Case to Florida will be more economical for anyone but itself. *See Gates*, No. 12–cv–01248, 2012, WL 4748046 at *3. In short, Defendant has not persuaded the Court that Colorado is inconvenient, only that Florida is more convenient for Defendant. This is not sufficient justification to warrant transfer under § 1404(a). *Wolf*, 399 F. Supp. 2d at 1166 (citing *Scheidt v. Klein*, 956 F.2d 963, 966 (10th Cir. 1992)) ("Shifting the inconvenience from defendants to

---

Tenth Circuit that parent companies are treated as separate legal entities from their subsidiaries. *Skidmore, Owings & Merrill*, 907 F.2d 1026, 1027 (10th Cir. 1990). Accordingly, Plaintiff's choice of forum in this instance is granted the usual deference.

plaintiffs, by itself, is not a permissible justification for granting a motion to transfer venue."). Moreover, Plaintiff notes that the Florida proceedings are significantly further along than the proceedings in this case. (Doc. # 13 at 9.) The Court agrees that transfer of these proceedings would likely disrupt the progression of that case. (*See id.*)

With regard to the interests of justice, the Court finds that Defendant has not shown that the interests of justice would be better served by transferring the case to Florida. *See Chrysler Credit*, 928 F.2d at 1515. Defendant has raised no conflict of law issues and has not asserted that a ruling from either court would be unenforceable. *See Gates*, 2012 WL 4748046 at *3. Further, Defendant has not shown that any witnesses or documents essential to its case would be unable to fully participate in the Colorado litigation, nor has it shown that any necessary legal ruling requires significant familiarity with Florida law. *See id*; *Chrysler Credit*, 928 F.2d at 1515.

The Court is also not persuaded that the first-to-file doctrine tips the balance in favor of transfer. As discussed above, the first-to-file analysis turns primarily on the subject matter of the disputes. *Smith v. McIver*, 22 U.S. 532 (1824); *Advanta Corp.* 1997 WL 88906, at *2-3. Here, the claims in both cases are distinct because they involve different loans (Doc. # 3 at 3-5; Doc. # 8-2 at Exhibit A.), and each loan involves a unique set of facts. As Plaintiff asserts, each loan appears to implicate distinct debtors, property, loan documentation, and witnesses. (Doc. 13, ¶ 11.) Thus, between the two cases, few of the underlying facts appear duplicative. Certainly, there is some similarity between the cases because the outcome may depend upon the Courts' interpretation of the Agreement. However, the parties do not allege that such

interpretation implicates unique or uncharted legal concepts; thus, there is little risk of inconsistent or conflicting rulings. *See Gates*, 2012 WL 4748046, at *3. ("This is a relatively simple breach of contract/breach of warranty case. Neither side is suggesting that the case will turn on the interpretation or application of any law unique to either [jurisdiction]."). Consequently, the claims are not so similar that the first-to-file doctrine mandates transfer.

Because this case and the Florida Case do not involve substantially the same issues, and because the balance of the *Chrysler Credit* factors does not weigh strongly in favor of the Defendant, the Court concludes that transfer is not warranted under 28 U.S.C. § 1404(a) and the first-to-file doctrine.

### III. **CONCLUSION**

For the foregoing reasons, it is ORDERED that Defendant's Motion to Change Venue and to Stay Litigation Pending Transfer (Doc. # 8) is DENIED.

Defendant is ordered to answer or otherwise respond to the Complaint no later than ten days from the date of this Order.

DATED:  November   19  , 2012.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge